ANTHONY JAMEL CRAWFORD,      )
    Plaintiff,              )
                    )
      v.                     )
                    )
DANIEL E. BAILEY, JR.,       )
  Sheriff;                   )
ANTHONY SEARLES, Physi-      )
  cian;                      )
  and                        )
CORRECT CARE SOLUTIONS,       )
    Defendants.             )
_____)

**THIS MATTER** comes before the Court on review of Plaintiff's form-civil rights Complaint pursuant to 42 U.S.C. §§ 1983 and 1985,[1] filed March 29, 2010.

At the outset, the Court acknowledges its authorization to conduct an initial review of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and to dismiss those cases or claims which do not pass frivolity review. <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992) (dismissal appropriate whether claim "lacks an arguable basis either in law or fact"); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989) (<u>sua sponte</u> dismissal appropriate where claim is based on a meritless legal theory).  In other words, an action should be

---

[1] Plaintiff's allegations do not raise any issues which are relevant to § 1985.  Therefore, such allegations will be construed exclusively under § 1983.

dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a claim cognizable within the jurisdiction of Court and upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's allegations, the Court is well aware that it is not required "to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th cir. 1990). Nor is this Court required "to "conjure up questions never squarely presented," <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985), to develop tangential claims from scant assertions in the complaint," <u>Lowdermilk v. LaManna</u>, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. <u>Wise v. South Carolina Dept. Of Corr.</u>, 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create

upon the district court an obligation to <u>sua sponte</u> raise and address any and every claim that might arguably be presented by the facts as presented."  <u>See</u> <u>Brock v. Carroll</u>, 107 F..3d 241, 242-43 (4th Cir. 1997).  With these principles in mind, the Court has determined that Plaintiff's Complaint must be <u>dismissed</u> with prejudice in part and without prejudice in part.

Pertinent to this review, Plaintiff's Complaint alleges that in 2007, he sustained multiple gunshot wounds for which he was hospitalized for one month.  (Complaint at 4).  Following his release from the hospital, Plaintiff was placed in pre-trial detention and sent to Central Prison in Raleigh, North Carolina. (<u>Id</u>.).  While detained at Central Prison, Plaintiff reportedly underwent "numerous surgeries" which are otherwise unspecified. (<u>Id</u>. at 5).  In November 2008, Plaintiff was returned to the Mecklenburg County Jail ("MCJ," hereafter) to stand trial for his charges.  (<u>Id</u>.).

Since his return to the MCJ, Plaintiff reportedly has had several "follow-up appointments" at the Myers Park Clinic ("the Clinic," hereafter).  (<u>Id</u>.).  In particular, Plaintiff reports that a physician at the Clinic has scheduled him for a "surgery to repair [his] left leg" on three occasions; that several detention officers have been present when nurses at the Clinic have advised him that the surgery was scheduled; and that despite the

scheduling of the surgery, the MCJ has said that "they wouldn't pay for it." (Id.). Plaintiff alleges that a nurse from the Clinic told him that he needs the surgery as soon as possible or "[he] can lose [his] leg." (Id.).

Plaintiff further alleges that although a doctor from the Clinic "wrote" for him to receive a wheelchair in May 2009, he has not received one. (Id. at 4-6). Plaintiff reports that Defendant Dr. Searles, his physician at the MCJ, instead has provided him with crutches based upon Searles' opinion that Plaintiff does not need a wheelchair. (Id. at 8). Last, Plaintiff alleges that on several occasions he requested pain medication (the narcotic Lortab), but he did not received it. (Id. at 6).

On the basis of the foregoing, Plaintiff alleges that his constitutional rights have been violated by the MCJ's refusal to give him a wheelchair, to allow him to undergo the surgical procedure, and to give him Lortab. By way of relief, Plaintiff asks the Court to award him monetary damages, and to either release him or to ensure that his surgery and post-operative physical therapy are fully paid for by the State of North Carolina. Notwithstanding his beliefs to the contrary, however, Plaintiff's Complaint must be dismissed.

First, Plaintiff's Complaint does not contain a single

allegation against Defendant Bailey.  Nor do Plaintiff's allegations give rise to a claim of supervisory or municipal liability as he does not even suggest that Defendant Bailey had actual or constructive knowledge of the matters about which he is complaining,  <u>See</u> <u>Shaw v. Stroud</u>, 13 F.3d 791 (4th Cir. 1994) (discussing required elements for viable claim based upon supervisory liability); nor does he allege that Defendant Bailey had the requisite decision-making authority.  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 690-91 (1978).  Rather, it appears that Plaintiff has named Defendant Bailey as a party to this action simply because Plaintiff is "incarcerated within the facility that is ran by Sheriff Daniel E. Bailey." (Complaint at 3).  Nevertheless, that fact does not give rise to a constitutional claim for relief.  Accordingly, Defendant Bailey must be <u>dismissed</u> from this action.

Plaintiff's allegation against Defendant Dr. Searles also fails.  Indeed, the law is clear that to constitute deliberate indifference, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm.  <u>Rish v. Johnson</u>, 131 F.3d 1092, 1096 (4th Cir. 1997).  "[T]o establish that a health care provider's actions constitute deliberate indifference . . . , the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to

be intolerable to fundamental fairness. . . ." <u>Miltier v. Beorn</u>, 896 F.2d 848, 852 (4th Cir. 1990).  On the other hand, the law is equally well settled that allegations of mere malpractice or negligence in diagnosis or treatment do not state constitutional claims for relief.  <u>Estelle v. gamble</u>, 429 U.S. 97, 105-06 (1976); <u>Johnson v. Quinones</u>,145 F.3d 164. 168 (4th Cir. 1998). Nor can a plaintiff state a claim on the basis of his disagree-ment with the physician over the proper course of treatment. <u>Russell v. Sheffer</u>, 528 F.2d 318, 319 (4th Cir. 1975).

In the present case, Plaintiff complains that Defendant Searles will not give him a wheelchair because Searles' has de-termined that Plaintiff does not need a chair.  Rather, as Plaintiff's Complaint reflects, Defendant Searles has given Plaintiff a pair of crutches to assist with ambulation.  (Com-plaint at 8).  As such, Plaintiff's allegation falls far short of evidencing gross incompetence or inadequacy.  Nor does Dr. Searles' conduct shock the conscience, or otherwise seem into-lerable to fundamental fairness.  Rather, such allegation sug-gests little more than Plaintiff's disagreement with his doctor's proposed course of treatment.  Therefore, this claim must be flatly rejected.

Concerning Correct Care Solutions, Plaintiff seems to allege that this Defendant's employees (the MCJ's nursing staff) failed

to honor his requests for Lortab.  Notably, however, Plaintiff

does not allege that he actually had a prescription for this

drug.  In fact, the grievance forms which Plaintiff submitted in

order to verify exhaustion of his claims tend to show that he did

not have a prescription for that drug.  That is, one of the

grievance forms which Plaintiff submitted reflects that while he

was expecting a nurse at the Clinic to write an order for that

drug, Plaintiff had "no current Loratab Rx."  (Doc. No. 3 at 12).

Equally critically, Plaintiff does not allege that he requested

and was denied a non-prescription strength medication for his

pain.  Rather, Plaintiff alleges only that he was not given the

specific drug that he requested.

Thus, when Plaintiff's Complaint is read in conjunction with

his Verified Statement (Doc. No. 3), <u>see</u> <u>Henslee v. Lewis</u>, 153

Fed. App's 178, 180 (4th Cir. Nov. 3, 2005) (directing this Court

to consider a plaintiff's allegations together with his discovery

request in order to determine if a claim was stated), the Court

finds that Plaintiff has failed to state a claim for deliberate

indifference against Correct Care Solutions.  Indeed, it goes

without saying that this Defendant had no obligation to dispense

a narcotic drug for which Plaintiff had no valid prescription.

Therefore, this Defendant also must be <u>dismissed</u>.

Finally, Plaintiff claims that the MCJ will not pay for his

surgery.  However, there is no indication that Plaintiff has
exhausted his administrative remedies with respect to this
allegation.  The Prison Litigation Reform Act of 1995 mandates
that "no action shall be brought with respect to prison[2] condi-
tions under § 1983 of this title, or any other Federal law, by a
prisoner . . . until such administrative remedies as are avail-
able are exhausted." 42 U.S.C. § 1997e(a).  Thus, it is clear
that exhaustion is mandatory.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-
89 (2006).

In the present case, the Court entered its standard Order
directing Plaintiff to establish exhaustion for his claims.
(Doc. No. 2).  In response, Plaintiff submitted several grievance
forms along with their responses.  (Doc. No. 3).  Notably, how-
ever, there is no form relating to Plaintiff's request for the
surgery.[3]  Inasmuch as Plaintiff has failed to meet his obli-
gation in this regard, his claim that he has been denied surgery

---

[2] The Court is aware that Plaintiff is a pretrial detainee in a County
jail; however, because the PLRA defines "prisoner" as "any person incarcerated
or detained in any facility who is accused of convicted of, sentenced for, or
adjudicated delinquent for, violations of criminal law . . . ," he is covered
by the Act's exhaustion requirements.  28 U.S.C. § 1915(c); <u>see also</u> <u>Michau v.
Charleston County</u>, S.C., 434 F.3d 725, 727 (4th Cir. 2006).

[3] Plaintiff submitted a letter attached to his Verified Statement ex-
plaining that he was unable to secure copies of all of the grievances which he
filed.  Notably, however, Plaintiff did not report that one of the missing
grievance forms related to his complaints about the surgery.

will be <u>dismissed</u> without prejudice.[4]

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   Plaintiff's Complaint is **DISMISSED** as to Defendant Bailey for his failure to state a claim as to that Defendant;

2.   Plaintiff's claims that Defendant Searles denied him a wheelchair and that Defendant Correct Care Solutions denied him Lortab also are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.   Plaintiff's claim that he is being denied a surgical procedure is **DISMISSED without prejudice.**

The Clerk is directed to send copies of this Order to Plaintiff.

**SO ORDERED.**

Signed: April 21, 2010

Graham C. Mullen
United States District Judge

---

[4] Although the failure to exhaust is an affirmative defense, district courts are permitted to dismiss unexhausted claims, <u>sua sponte</u>, when, as in the instant case, the plaintiff's documents establish non-exhaustion.  <u>See</u> <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 678-83 (4th Cir. 2005).